```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF SOUTH CAROLINA
```

Jerry Alexander Canzater, #248373,       ) C/A No. 0:09-2128-HMH-PJG
                                         )
                          Plaintiff,     )
                                         )   **REPORT AND**
vs.                                      )   **RECOMMENDATION**
                                         )
Jessica Porter,                          )
                                         )
                          Defendant.     )
_____  )

This is a civil action filed the plaintiff, Jerry Alexander Canzater, ("Plaintiff"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is currently confined at the Lee Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. In the Complaint filed in this case, Plaintiff seeks to sue the mother of a child claimed by Plaintiff as his child. The mother now claims that the child is not Plaintiff's child. Plaintiff wants the court to order the mother to undergo a paternity test and to award monetary damages to him. Plaintiff does not refer to any federal statute, treaty, or constitutional provision that Defendant is allegedly violating by claiming that the child is not Plaintiff's child. According to the service documents that Plaintiff submitted along with the Complaint, Defendant resides in Columbia, South Carolina. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

For this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

*PJG*

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, as stated above, according to the information provided by Plaintiff when he filed his Complaint, both Plaintiff and Defendant are residents of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Plaintiff's Complaint involves a routine domestic relations/family law dispute.

Also as noted above, Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of

federal question jurisdiction otherwise evident from the face of the Complaint. Even if Plaintiff had made assertions that federal rights were violated, this court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D.N.C. 1992); see Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); cf. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in his Complaint, nor does he claim that Defendant violated his constitutional rights. Instead, he says only that she is guilty of "violation of rights to

[Plaintiff's] baby. (Compl., Docket Entry 1 at 2.) Even if he had included allegations of federal constitutional or statutory violations by Defendant, under the circumstances of the parties to this case, such allegations would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the violations of which Plaintiff complains.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. at 937; see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). As noted, there are no allegations in Plaintiff's Complaint which attribute any of Defendant's actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the private Defendant, such implied interpretation would not establish "federal question" jurisdiction in this case. In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for Defendant. If Plaintiff wishes to pursue his claim of parental rights

to Defendant's child, he must do so in the state courts of South Carolina, not in federal court.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez; 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 9, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).