IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerry Alexander Canzater, #248373, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 0:09-2128-HMH-PJG |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Jessica Porter, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with Jerry Alexander Canzater's ("Canzater") motions to amend his complaint and "bring in a third party," as well as the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Canzater seeks the court's assistance in ordering a paternity test as well as a "monetary settlement of $1,000,000.00 for mental anguish" caused by Defendant Jessica Porter ("Porter"). (Compl. ¶ IV.) In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing Canzater's complaint without prejudice. Canzater filed objections on October 23, 2009.[2] In addition, Canzater filed a motion to amend the complaint and "motion to bring in a third party" on October 23, 2009. For the reasons stated below, the court denies Canzater's motions and dismisses the complaint.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Canzater's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Canzater submits two specific objections to the magistrate judge's Report. He asserts that (1) the magistrate judge erred in finding that the complaint fails to state a federal cause of action and (2) "this case should not be summarily dismissed because" he is "seeking to Amend" his complaint. (Objections ¶¶ 2, 6.)

Magistrate Judge Gossett concluded that Canzater's complaint should be dismissed "for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction." (Report & Recommendation 1.) Canzater alleges that he

> clearly state[d] the facts, and those facts point directly to the fourteenth [sic] Amendment Rights. Clearly I am being denied the right to be a father to my baby, as well as being denied the right to a paternity test, not only by the baby's mother but also by Richland County Court, Family Court Division.

(Objections ¶ 2.) Canzater's complaint alleges that shortly after he began having sexual relations with Porter she informed him that she was pregnant with his child. (Compl. ¶ IV.) "On Valentines Day 2008 [Canzater] was arrested by the Columbia Police Department, after [he] committed a crime trying to get [his] baby some stuff, and [Porter] some stuff for Valentines

Day." (Id.) Porter later informed members of Canzater's family that he was not the father of Porter's child which caused Canzater to suffer from "a very deep depression" as well as mental and physical problems. (Id.) Canzater now seeks a paternity test to prove that he is the father of Porter's child and monetary damages for "mental anguish and physical incapacities." (Id.)

The allegations raised in Canzater's complaint lack a basis for federal subject matter jurisdiction. Canzater argues that he has alleged a claim under the Fourteenth Amendment. However, Canzater's complaint makes no reference to either a federal statute or the United States Constitution. Additionally, Canzater's complaint concerns a purely private matter. "As a matter of substantive constitutional law the state-action requirement [for 42 U.S.C. § 1983 claims] reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments." Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) (internal quotation marks omitted). In his objections, Canzater states that the Richland County Court has prevented him from receiving a paternity test, yet does not explain how the court has done so. Moreover, Canzater includes with his objections a letter from the South Carolina Department of Social Services ("SCDSS") which explains that Canzater can obtain a paternity test for a fee of twenty-five dollars ($25.00). (Objections Ex. C ("Letter from SCDSS" 1).) Accordingly, there is no evidence that any governmental entity has prohibited Canzater from seeking a paternity test. Based on the foregoing, Canzater's objection is without merit.

Next, Canzater objects that the court should not dismiss his complaint because he has moved to amend his complaint. (Objections ¶ 6.) Canzater moves to amend the "complaint under rule 15(a) [by] bring[ing] in a third party to this case." (Mot. Am. Compl. 1.) Also, on October 23, 2009, Canzater filed a "motion to bring in a third party" seeking to add SCDSS as a

defendant. Canzater's motions do not alter the court's finding that Canzater has failed to state a claim upon which relief can be granted in federal court. Moreover, Canzater's motions do not raise any factual allegations against SCDSS, rather they merely seek to add SCDSS as a defendant. Accordingly, Canzater's objection that the court should not dismiss his complaint because he seeks to amend the complaint is without merit.

For the aforementioned reasons, Canzater's motions to amend and "bring in a third party" are denied. Further, based on the foregoing the court adopts the Report and Recommendation of Magistrate Judge Gossett and dismisses Canzater's complaint without prejudice.

It is therefore

**ORDERED** that Canzater's motions to amend the complaint and "bring in a third party," docket numbers 12 and 13, are denied; it is further

**ORDERED** that Canzater's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
November 5, 2009

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.